## SHANNON *v.* PORTSMOUTH.

The charter of the city of P. empowered the mayor and aldermen for sufficient cause to remove constables and police officers. By a vote of the mayor and aldermen, the plaintiff, a constable and police officer, was "suspended from duty on the police," and from that time was not permitted to perform the duties of the office, although was ready and offered to do so, until he was afterwards reinstated. *Held*, that he could not recover for services during the period of his suspension.

ASSUMPSIT, to recover for the services of the plaintiff, Charles W. Shannon, as a constable and police officer, from July 7, 1870, to December 15, 1870.

By consent of the parties the case was tried by the court, and the following facts appeared in evidence or were admitted: The plaintiff was duly appointed a constable and police officer of Portsmouth, on January 13, 1870, and gave bond as prescribed by law, and served in that capacity until July 7, 1870, when he was notified to appear before the mayor and aldermen to answer to charges verbally preferred against him, and did appear, and was heard, and then the mayor and aldermen passed the following vote: "*Voted*, That officers Shannon and Maloon be suspended from duty on the police. Ayes, 6; nays, 2." It did not appear that the defendants served on the plaintiff any notice of this vote. The term "duty on the police" embraced the duty of the plaintiff as constable and police officer. The defendants offered no testimony as to the cause of suspension. The plaintiff was at all times ready to continue in the discharge of the duties of his office; but the city marshal from that time refused to permit him to do so, until December 15, 1870, when he was reinstated by the following vote of the mayor and aldermen: "*Voted*, That Charles W. Shannon, watchman, constable, and police officer, be reinstated."

The plaintiff offered to prove that there was no sufficient cause for his removal or suspension, to which the defendants objected; and the court, subject to the plaintiff's exception, excluded the evidence. Thereupon the court found a verdict for the defendants, which the plaintiff moved to set aside.

*Goodall* and *Marston*, for the plaintiff.

*W. H. Hackett*, for the defendants.

LADD, J. Full and exclusive power, for sufficient cause, to remove constables and all other police officers, is expressly conferred upon the mayor and aldermen by the charter of the city of Portsmouth. Laws of 1849, ch. 836, sec. 13. We need not inquire, therefore, what their authority in this respect would have been without such a provision.

It does not seem to require any argument to show that the power to remove must include the power to suspend—Dillon Mun. Corp., sec. 151 n.; and that being so, it follows that the plaintiff was, in fact and in law, suspended from the duties of his office from July 7, 1870, the day of the hearing and first vote of the mayor and aldermen, to December 15 of the same year, when the vote was passed reinstating him. This suit is assumpsit to recover for the services of the plaintiff during that period, while he was not permitted to perform any services by reason of his suspension. We think it is clear he cannot recover. It is true, the plaintiff offered to show that there was no sufficient cause for his removal or suspension. This was an offer to show that his suspension was unjust, or, perhaps, illegal. But the difficulty is, this is not a proper proceeding to try that question. If the validity of the suspension is disputed, the plaintiff's remedy must be sought in a proceeding for that purpose, which will put the legality of the acts of the mayor and aldermen directly in issue.

The idea, that suspension from an office of this sort does not carry with it the consequence that compensation for performing its duties is suspended also, cannot be sustained. Were that so, suspension in such cases might assume the character of a gratuity or reward instead of a punishment, and might thus be made the instrument of public mischiefs of a very serious description. The exceptions must be overruled.

*Judgment on the verdict.*